IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| KEITH D. FREEMAN | : | CIVIL ACTION |
| --- | --- | --- |
| | : | |
| v. | : | |
| | : | |
| CAROLYN W. COLVIN | : | NO. 16-0500 |

MEMORANDUM

**KEARNEY, J.**                                                                                                                                 **June 6, 2016**

Keith D. Freeman requests we review the Social Security Administration's Appeals Council's denial of his application for supplemental security income. As Defendant correctly argues, we cannot proceed because Freeman failed to exhaust his administrative appeal remedies by timely filing a request for review with the Social Security Administration's Appeals Council. Absent a review, the Commissioner of Social Security did not issue a final decision. As a result, we cannot review a "final decision" from the Commissioner of Social Security necessary for judicial review under 42 U.S.C. §405(g). We grant the Commissioner's unopposed motion to dismiss in the accompanying Order.

I.     **Facts**

On April 24, 2014, following a February 27, 2014 hearing, Administrative Law Judge Richard A. Kelly issued a thirteen (13) page Decision finding Freeman's disability based on his status as a child ended when he attained eighteen (18) years old and Freeman had not established disability since March 31, 2011.[1] The ALJ informed Freeman, through the Notice attached to the Decision, he must file a request for review by the Appeals Council within sixty (60) days from the date he received notice if he

wished to appeal the ALJ's decision.[2] Given five (5) days for mailing, Freeman had until June 30, 2014 to request the Appeals Council's review of the ALJ's decision. Freeman waited until July 17, 2014 to request the Appeals Council's review.[3]

On November 27, 2015, the Appeals Council found no good cause to extend Freeman's time for filing and dismissed his request for review.[4] The Appeals Council further informed Freeman the dismissal is final and not subject to further review.[5] Freeman then filed this suit.

II.     Analysis

The Commissioner moves to dismiss for lack of subject matter jurisdiction because 42 U.S.C. § 405 (g) provides the exclusive jurisdictional basis for judicial review of Social Security cases as well as providing the only authorization for judicial review after a claimant exhausted his administrative remedies or has obtained a final decision.

### A. Claimant failed to file within 60 days

Freeman failed to request review on his denial of benefits within the allowable time period of sixty (60) days resulting in the Appeals Council denying his untimely request for review.

Freeman, through his grandmother who also appeared at his hearing, filed for a review with the Appeals Council seventeen (17) days late. Finding Freeman did not establish good cause for the late request, the Appeals Council dismissed his untimely request for review.

### B. Our review arises only after a claimant exhausted his administrative remedies or has obtained a final decision.

Our review is not warranted because the Appeals Council denied the request for review and the Commissioner of Social Security never made a "final decision". The

United States Congress authorizes judicial review only after the Commissioner of Social Security has made a final decision after a hearing.[6]

This strict rule does not apply if the claimant raises a colorable constitutional claim.[7] Issues of constitutional concern are unsuited for administrative hearing procedures and should be reviewed by the Court.[8] Freeman did not raise any constitutional issues. The ALJ provided detailed notice sent to Elaine Freeman on behalf of Keith Freeman at 5725 Addison Street, Philadelphia PA 19143. Freeman never argued the ALJ or Appeals Council denied him due process or acted unconstitutionally towards him.

As the Commissioner did not issue a final decision, Freeman must "exhaust prescribed administrative remedies before seeking relief from the federal courts".[9] Social Security Administration appeals procedure allows "a claimant [to] obtain judicial review of a decision by an administrative law judge if the Appeals Council has denied the claimant's request for review."[10] A four-step administrative review process must be performed to create a judicially reviewable decision.[11]

Freeman did not appeal the adverse decision within the Social Security Administration before filing suit. Under Congress' mandate and absent a constitutional issue, we cannot review Freeman's claim.

### III. Conclusion

As Freeman failed to raise a colorable constitutional claim and the Commissioner did not issue a final decision, we grant the Commissioner's uncontested Motion to Dismiss in the accompanying Order.

---

[1] (ECF Doc. No. 11-1).

[2] *Id.*

[3] *(Id.)*

[4] *(Id.)*

[5] *(Id.)*

[6] 42 U.S.C. § 405 (g), "[l]imits judicial review to … a final decision of the [Commissioner] made after a hearing"*Califano v. Sanders*, 430 U.S. 99, 108 (1977)

[7] *Id.* at 109

[8] *Id.*

[9] *McCarthy v. Madigan*, 503 U.S. 140, 144-45 (1992).

[10] 20 C.F.R. § 422.210

[11] 20 C.F.R. § 416.1400(a) (2015).